IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHERELL M. JAMISON, :
: Civil Action No. 1:09-cv-1289
Plaintiff :
: (Chief Judge Kane)
v. :
:
CITY OF YORK et al., :
:
Defendants :

**MEMORANDUM**

Pending before the Court are two separate motions to dismiss filed by Defendant Trooper Keppel (Doc. No. 25) and the "York City Defendants" Corporal Seelig and the City of York (Doc. No. 15). The motions are fully briefed and ripe for disposition. For the reasons that follow, the York City Defendants' motion will be granted in part and denied in part, and Defendant Keppel's motion will be denied.

**I.      Background[1]**

On July 6, 2009, Plaintiff filed her original complaint pursuant to 42 U.S.C. § 1983 against the City of York, John Doe I, John Doe II, and Jane Doe (Doc. No. 1.) Plaintiff averred that on July 5, 2007, Plaintiff was walking towards her brother's house when she was approached by two John Does, handcuffed, and put in the back of a police cruiser for over two hours. (Doc. No. 1 ¶¶ 10-13.) As such, Plaintiff claimed that Defendant Doe I unlawfully seized and unlawfully arrested Plaintiff without probable cause, in violation of her Fourth Amendment

---

[1]In accordance with the standard of review for motions to dismiss, the Court takes all factual allegations in the complaint as true.

1

rights.  (Id. ¶ 20.)  Plaintiff also claimed that John Doe I and John Doe II's conduct violated her "right to be free from unlawful seizures and unlawful imprisonment."

According to Plaintiff, the John Does did not respond to her requests to identify themselves and ignored her requests to use a restroom. (Id. ¶¶ 10-13.)  Plaintiff was told to turn over her car keys, at which point the John Does searched her car. (Id. ¶ 14.)  John Doe I and John Doe II then took Plaintiff to the City of York police station, where she was strip searched by Jane Doe and then told she was free to go. (Id. ¶¶ 15, 17.)  Plaintiff claimed that Defendant Jane Doe violated Plaintiffs "right to be free of unlawful searches and unlawful invasions of privacy when she strip-searched plaintiff without warrant and without probable cause." (Id. ¶ 22.)  Plaintiff's mother drove her to her vehicle and Plaintiff discovered that her keys were locked inside. (Id. ¶ 17-18.) Plaintiff seeks punitive damages, damages for emotional distress, pain and suffering, and humiliation, and costs of suit and attorneys fees. (Id. at 4, 5.)

On July 10, 2009, Assistant City Solicitor Donald B. Hoyt entered his appearance on behalf of all Defendants. (Doc. No. 3.)  On September 17, 2009, Attorneys Frank J. Lavery, Jr. and Devon M. Jacob entered notices of appearance on behalf of Defendant City of York. (Doc. Nos. 4, 5.)  On September 17, 2009, Attorney Jacob filed an unopposed motion for extension of time to respond to the complaint on behalf of City of York (Doc. No. 7), which the Court granted (Doc. No. 8).

Plaintiff filed an amended complaint on October 18, 2009, substituting Defendants Keppel and Seelig for the original complaint's John Doe I and John Doe II. (Doc. No. 11.)  In her amended complaint, Plaintiff alleged that Defendants Keppel and Seelig violated her Fourth Amendment rights when they unlawfully seized and unlawfully arrested her without probable

cause. (Id. ¶ 20.) Plaintiff also claimed that Defendants Keppel and Seelig, along with Defendant Jane Doe, violated Plaintiff's "right to be free of unlawful searches and seizures and unlawful imprisonment." (Id. ¶ 21.) Plaintiff's amended complaint sought the same relief as that of her original complaint. (Id. at 5.)

On November 4, 2009, Plaintiff filed an affidavit of service evidencing that the complaint, amended complaint, and summons were served on Trooper Mitchell for Defendant Keppel on November 2, 2009. (Doc. No. 12.) On November 9, 2009, Attorneys Lavery and Jacob filed notices of appearance on behalf of Defendant Seelig. (Doc. Nos. 13, 14.) Also on November 9, 2009, the York City Defendants filed a motion to dismiss the amended complaint and a brief in support. (Doc. Nos. 15, 16.) Plaintiff filed her brief in opposition to this motion to dismiss on November 24, 2009. (Doc. No. 19.)

During a telephone conference on December 2, 2010, Defendant Seelig waived service of process. (Doc. No. 21.) Following the telephone conference, the Court ordered limited discovery and supplemental briefing on the issue of whether the substitution of the named Defendants for John Doe defendants related back under Federal Rule of Civil Procedure 15(c). (Doc. No. 22.) On December 8, 2009, Senior Deputy Attorney General Timothy Keating filed a notice of appearance and a motion to dismiss on behalf of Defendant Keppel. (Doc. Nos. 24, 25.) Defendant Keppel's motion to dismiss was stayed until discovery and briefing on the Rule 15(c) relation back issue took place. (Doc. No. 29.)

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all

factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Indeed, the Supreme Court has recently held that while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

**III.    Discussion**

Defendants Keppel and Seelig filed their motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's claims are time-barred. Specifically, Defendants argue that Plaintiff fails to meet the relation back standard of Rule 15(c) of the Federal Rules of Civil Procedure. (Doc. Nos. 26, 45.) Although Rule 12(b) does not explicitly permit the assertion of a statute of limitations defense by a motion to dismiss, the so-called "Third Circuit Rule" "permits a limitations defense to be raised by a motion under Rule

4

12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1974)). Defendant City of York also filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff fails to state a viable municipal liability claim against the City of York. (Doc. No. 45 at 12.) The Court will address each argument in turn.

### A. Motion to Dismiss Defendants Keppel and Seelig

The Third Circuit has held that a claim filed under section 1983 is subject to Pennsylvania's two-year statute of limitations applicable to personal injury actions. Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989); see also 42 Pa. Cons. Stat. Ann. § 5244. Plaintiff filed her original complaint on July 6, 2009, just within the two-year statute of limitations. However, Plaintiff's original complaint only named John Doe I, John Doe II, Jane Doe, and the City of York as defendants. In the Third Circuit, "the naming of a John Doe defendant does not stop the statute of limitations from running or toll the limitations period as to that defendant." Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003). Plaintiff filed an amended complaint naming Defendants Keppel and Seelig on October 18, 2009, after the statute of limitations had run. Thus, Plaintiff's amendment adding the Defendants is permissible only if the relation back doctrine of Rule 15(c) is satisfied. Garvin, 354 F.3d at 220 ("Replacing the name John Doe with a party's name amounts to the changing of a party or the naming of a party under Rule 15(c), and thus the amended complaint will relate back only if the three conditions specified in that rule are satisfied.").

Rule 15(c) imposes three conditions, all of which must be met in order to allow relation

back of an amended complaint. Singletary v. Pennsylvania Dep't of Corr., 266 F.3d 186, 194 (3d Cir. 2001). First, the amendment must assert a claim or defense that arose out of the conduct set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(C). Second, within 120 days of the filing of the original complaint, the newly named defendant must have received such notice of the action that he will not be prejudiced in defending on the merits. Id. The notice requirement may be satisfied with proof of actual or constructive notice. Singletary, 266 F.3d at 195-96. Third, within 120 days of the filing of the original complaint, the newly named defendant must have known or should have known that the action would have been brought against him but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C). The burden of proving each of the three conditions rests on the plaintiff. Garvin, 354 F.3d at 222.

The parties dispute whether the second and third conditions of Rule 15(c) are met by Plaintiff. The Court will address the conditions as they apply to Defendant Keppel and Defendant Seelig in turn.

### i. Defendant Keppel

The Third Circuit has interpreted the second condition of Rule 15(c) as having two prongs: notice and absence of prejudice. Id. It appears Plaintiff is asserting that Defendant Keppel received actual notice when the complaint, amended complaint, and summons were served on Trooper Mitchell on November 2, 2009.[2] (Doc. No. 43 at 3.) Because Defendant Keppel was served within 120 days after the original complaint was filed, the Court concludes that he had actual notice of the action.

---

[2]According to the filed affidavit, Trooper Mitchell represented that he was authorized to accept service on behalf of Defendant Keppel. (Doc. No. 12.)

Plaintiff must also prove that the notice Defendant Keppel received is sufficient so that he is not prejudiced in defending on the merits. Fed. R. Civ. P. 15(c)(1)(C)(i). The prejudice referred to in Rule 15(c) has been described by the Third Circuit as "that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale." Nelson v. Cnty. of Allegheny, 60 F.3d 1010, 1014-15 (3d Cir. 1995). Plaintiff does not appear to make any argument on the issue of prejudice, but the Court finds sufficient information under the circumstances to conclude that granting Plaintiff's amendment will not prejudice Defendant Keppel in his defense. There is no reason to believe that Defendant Keppel is unable to construct a full defense, especially given the fact that the litigation is still in its early stages and discovery has been limited to the relation back issue at hand. Thus, the Court finds that Plaintiff has met her burden as to the second condition of Rule 15(c).

The third and final condition of Rule 15(c) requires Plaintiff to show that, within 120 days of filing the original complaint, Defendant Keppel knew or should have known that the present action would have been brought against him, but for a mistake in identifying him as a party. Fed. R. Civ. P. 15(c)(1)(C)(ii). The majority of other Courts of Appeals hold that the amendment of a complaint to substitute a real name for John Doe does not meet the "but for a mistake" requirement of Rule 15(c)(1)(C)(ii), because not knowing the John Doe's real name is not a mistake concerning the defendant's identity.[3] The Third Circuit, however, does consider a

---

[3] See Wilson v. United States, 23 F.3d 559, 563 (1st Cir. 1994); Barrow v. Wethersfield Police Dep't., 66 F.3d 466, 469 (2d Cir. 1995), amended by 74 F.3d 1366 (2d Cir. 1996); W. Contracting Corp. v. Bechtel Corp., 885 F.2d 1196, 1201 (4th Cir. 1989); Jacobsen v. Osborne, 133 F.3d 315, 320 (5th Cir. 1998); Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993); Garrett v. Fleming, 362 F.3d 692,

plaintiff's lack of knowledge regarding a defendant's identity to constitute a mistake within the meaning of Rule 15(c)(1)(C)(ii). Singletary, 266 F.3d at 201.

Nonetheless, Defendant Keppel argues that Plaintiff did not make a mistake pursuant to Rule 15(c) because Plaintiff was aware of his identity before filing the original complaint. Defendant Keppel relies on language in Garvin in which the Third Circuit stated, "Of course, an amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to do so at that time." 354 F.3d at 221-222. The Supreme Court recently had occasion to examine Rule 15(c)(1)(C)(ii) in Krupski v. Costa Crociere, 130 S. Ct. 2485 (2010). In Krupski, the plaintiff was aware of the existence of two parties and mistakenly sued the wrong one. The Supreme Court stated:

> That a plaintiff knows of a party's existence does not preclude her from making a mistake as to the party's identity . . . A reasonable plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.

Id. at 2494. Later in Krupski, the Supreme Court clarified the above statement by finding that when the original complaint and the plaintiff's conduct "compels the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper party's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." Id. at 2496.

---

696-97 (10th Cir. 2004); Powers v. Graff, 148 F.3d 1223, 1226-27 (11th Cir. 1998).

8

In the case at hand, Plaintiff's counsel allegedly received a letter sent from Attorney Roger R. Laguna on June 23, 2009, which provided, *inter alia*:

> The Affidavit of Probable Cause for the search warrant references [Plaintiff's arrest] but does not identify the arresting officers. I believe that they are probably Trooper Keppel and Cpl. Seelig, however, I am not certain of this and cannot find any report to confirm it. I am basing my assumption on the report which indicated that Trooper Keppel and Cpl. Seelig followed the van driven by [Plaintiff] and her statement that she was stopped, detained, and arrested.

(Doc. No. 46 at 5.) Thus, Defendant Keppel argues, Plaintiff was aware of his identity because she was provided with (1) a police report identifying him as the one who followed the van driven by Plaintiff and (2) Attorney Laguna's opinion that Defendant Keppel was involved in Plaintiff's arrest. While Plaintiff did not choose to sue a *different* defendant based on a misimpression, as the was the case in Krupski, the Court cannot say with confidence that Plaintiff's failure to name Defendant Keppel was the result of a fully informed decision as opposed to a mistake. The letter from Attorney Laguna was sent close to the running of the statute of limitations and only contains an assumption. Indeed, the letter states that Attorney Laguna was unable to find a report to confirm his assumption. While Defendant Keppel argues that Plaintiff did nothing to confirm the letter's information before or after the statute of limitations expired (id. at 10), Plaintiff avers that good faith discovery efforts were made to determine Defendant Keppel's identity (Doc. No. 19 at 3). Under these limited facts, the Court is not willing to find at this time that Plaintiff's failure to name Defendant Keppel was anything other than a mistake.

Accordingly, the Court finds that Plaintiff has met her burden as to the third condition of Rule 15(c). Because all three conditions of Rule 15(c)(1)(C) have been met, the amendment to the complaint substituting John Doe I with Defendant Keppel relates back to the filing of the

original complaint and Plaintiff's claims against Defendant Keppel are not barred by the statute of limitations.

    **B. Motion to Dismiss Defendant Corporal Seelig**

        **i. Actual Notice**

Unlike Defendant Keppel, Defendant Seelig was not served with process during the 120-day period; instead, he waived formal service at the December 2, 2009 telephone conference. While actual notice does not require formal service of process, Plaintiff fails to produce any evidence that Defendant Seelig received actual notice during the 120 days following the filing of the original complaint or that he learned of the commencement of the action through informal means. See Singletary, 266 F.3d at 195; see also Varlack v. SWC Caribbean, Inc. 550 F.2d 171, 175 (3d Cir. 1977) (holding that the person plaintiff sought to add as a defendant had actual notice because he saw a copy of the complaint naming as defendants both the place where he worked and "an unknown employee," which he knew referred to him). Therefore, the Court finds that Defendant Seelig did not have actual notice of the action.

        **ii. Shared Attorney Method of Imputing Notice**

In addition to actual notice, the Third Circuit recognizes two methods by which the Court may impute notice in satisfaction of Rule 15(c)(1)(C)(i). The first is the "shared attorney" method. Garvin, 354 F.3d at 222-23. The "shared attorney" method is based on the notion that when the originally named defendant and the defendant sought to be added are represented by the same attorney, "the attorney is likely to have communicated to the latter party that he may very well be joined in the action." Singletary, 266 F.3d at 196. In Singletary, the Third Circuit explained that "the fundamental issue here is whether the attorney's later relationship with the

newly named defendant gives rise to the inference that the attorney, within the 120 day period, had some communication or relationship with, and thus gave notice of the action to, the newly named defendant." Id.

Additionally, in the Third Circuit, "a plaintiff must show that there was 'some communication or relationship' between the shared attorney and the John Doe defendant prior to the expiration of the 120-day period in order to avail him or herself of the shared attorney method of imputing notice." Garvin, 354 F.3d at 225. Plaintiff fails to assert a "shared attorney" argument, but the Court finds that such an argument would be unsuccessful. Attorneys Devon Jacob and Frank Lavery represent both Defendant City of York and Defendant Seelig. Attorneys Jacob and Lavery first entered an appearance on behalf of Defendant Seelig on November 9, 2009, after the 120-day period expired. While the standard does not require the attorney to enter his appearance for the Court to recognize him as a shared attorney, Plaintiff has failed to produce any evidence of shared representation during the 120-day period. See id. at 224 ("[Plaintiff] has not come forth with evidence that gives rise to the inference that [the shared attorney] . . . had any communication or relationship whatsoever with the four officers within the 120-day period so as to justify imputing notice to the officers.").

Additionally, there is nothing in the record that allows the Court to conclude that either Attorney Jacob or Attorney Lavery investigated the matter during the 120-day period in such a way as to give notice to Defendant Seelig.[4] The only docketed entry filed by Attorney Jacob or

---

[4] This is different from other cases in which it was clear from the record that an investigation was begun by the shared attorney and therefore the unnamed defendants received notice by virtue of the investigation. See, e.g., Jacobsen v. Osborne, 133 F.3d 315, 320 (5th Cir. 1998) (imputing notice of initiation of suit to previously unnamed police officers was reasonable where City Attorney answered the complaint on behalf of the City and a named police officer and

11

Attorney Lavery during the 120-day period other than notices of appearance on behalf of Defendant City of York is an unopposed motion for extension of time to respond to the complaint, which was entered on behalf of Defendant City of York only. (Doc. No. 7.) Further, while Plaintiff does not raise the issue, the Court notes that the notice of appearance filed by City Solicitor Donald B. Hoyt on behalf of all Defendants on July 10, 2009 (Doc. No. 3) does not change the Court's analysis.[5]

Plaintiff was granted ample opportunity for discovery on the relation back issue and failed to allege or demonstrate that there was any communication or relationship between Defendant Seelig and Attorneys Jacob or Lavery during the 120-day period. Therefore, Plaintiff cannot avail herself of the shared attorney method of imputing notice.

### iii. Identity of Interest Method of Imputing Notice

The Court may also impute notice if Plaintiff shows that "the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation." Garvin, 354 F.3d at 222, 227. Plaintiff fails to allege or demonstrate that Defendant Seelig received constructive notice of the action under this method. Nevertheless, the Court finds that Defendant Seelig does not have an identity of interest with

---

presumably investigated the allegations to answer the complaint).

[5]The Third Circuit briefly addressed this situation in Singletary. The court asked whether "an attorney's original entry of appearance as 'Counsel for Defendants' can be used to establish, at the time of that appearance, a sufficient relationship for [Rule 15(c)] notice purposes with a party who is later substituted as a defendant for a 'John Doe.'" 266 F.3d at 196. The court stressed that the fundamental issue is the attorney's later relationship with the newly named defendant. Id. Here, Assistant City Solicitor Hoyt never became the attorney for Defendant Seelig. As such, the Court finds that Defendant Seelig did not receive constructive notice of the action as a result of Assistant City Solicitor Hoyt's entry of appearance.

Defendant City of York.  See id. at 227 (finding that individual police officers are "not highly enough placed in the city hierarchy for [the court] to conclude that their interests as employees are identical to the city's interests."); Singletary, 266 F.3d at 200 ("Absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for [Rule 15(c)] purposes.").

Plaintiff has failed to take advantage of the opportunity to conduct discovery and develop evidence that Defendant Seelig has an identity of interest with Defendant City of York.  Because Plaintiff has failed to prove actual or constructive notice to Defendant Corporal Seelig, she does not meet her burden under Rule 15(c)(1)(C)(i).  Accordingly, the amended complaint's substitution of Defendant Seelig for John Doe II does not relate back to the filing of the original complaint and Plaintiff's claims against Defendant Seelig are barred by the statute of limitations. The motion to dismiss will be granted as to Defendant Seelig.

### C.  Motion to Dismiss Defendant City of York

Defendant City of York argues that the amended complaint should be dismissed with prejudice because Plaintiff failed to state a viable municipal liability claim against the City. (Doc. No. 45 at 13.)  In recognition of this defect, Plaintiff seeks leave to amend her complaint. (Doc. No. 19 at 3.)  In the Third Circuit, if a complaint is vulnerable to a 12(b)(6) dismissal, the Court must permit a curative amendment, unless an amendment would be inequitable or futile. Phillips, 515 F.3d at 236.  Accordingly, Plaintiff is granted leave to amend her complaint to cure the defects in her allegations against Defendant City of York.  Defendant City of York's motion to dismiss may be renewed after Plaintiff's amendment.

## IV. Conclusion

For the foregoing reasons, Defendant Keppel's motion to dismiss the amended complaint is denied. The York City Defendants' motion to dismiss the amended complaint is granted in part and denied in part. Plaintiff's claims against Defendant Seelig are dismissed with prejudice. Plaintiff is granted leave to amend her complaint with respect to her claims against Defendant City of York. An order consistent with this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| SHERELL M. JAMISON, | : | |
|---|---|---|
| | : | Civil Action No. 1:09-cv-1289 |
| Plaintiff | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| CITY OF YORK et al., | : | |
| | : | |
| Defendants | : | |

# ORDER

**AND NOW**, on this 30th day of September 2010, upon consideration of the York City Defendants' motion to dismiss (Doc. No. 15) and Defendant Trooper Keppel's motion to dismiss (Doc. No. 25), **IT IS HEREBY ORDERED THAT**:

1. The Court ADOPTS the Report and Recommendation of Magistrate Judge Smyser. A stay on this case is lifted. (Doc. Nos. 34, 38.)

2. The York City Defendants' motion to dismiss (Doc. No. 15) is **GRANTED IN PART**. Plaintiff's claims against Defendant Corporal Seelig are **DISMISSED WITH PREJUDICE**.

3. Plaintiff is **GRANTED** leave to amend her complaint with respect to her claims against Defendant City of York. Plaintiff shall submit an amended complaint on or before October 29, 2010.

4. Defendant Keppel's motion to dismiss (Doc. No. 25) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania