IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHERELL M. JAMISON, :
    Plaintiff : Civil Action No. 1:09-cv-1289
:
: (Chief Judge Kane)
v. :
:
CITY OF YORK et al., :
    Defendants :

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

    On October 18, 2009, Plaintiff Sherell M. Jamison filed an amended complaint pursuant to 42 U.S.C. § 1983, naming Defendants Corporal Seelig, Trooper Keppel, the City of York, and Jane Doe. (Doc. No. 11.) On November 9, 2009, Defendants Corporal Seelig and the City of York ("Defendants") filed a motion to dismiss Plaintiff's amended complaint. (Doc. No. 15.) On September 30, 2010, the Court granted Defendants' motion in part and dismissed Plaintiff's claims against Corporal Seelig. (Doc. No. 48.) The Court granted Plaintiff leave to amend her complaint with respect to her claims against the City of York. (Id.) Plaintiff was ordered to file her second amended complaint on or before October 29, 2010, but failed to do so. (Id.) On November 12, 2010, the Court ordered Plaintiff to show cause by November 29, 2010, why her claims against the City of York should not be dismissed. (Doc. No. 49.) Plaintiff has failed to respond.

    A District Court should provide a plaintiff with an opportunity to explain her reasons for failing to prosecute the case or comply with its orders prior to dismissing a case sua sponte. Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). After a plaintiff is given an opportunity to

1

be heard, the Third Circuit has outlined the analysis a district court should undergo before dismissing a case for failure to prosecute, explaining that the trial court should balance the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). "Each factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003) (citing Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988)). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

The record reflects that Plaintiff is represented by counsel in this matter. While it can be assumed Plaintiff relies at least in part on her attorney, she cannot be totally devoid of responsibility for her counsel's dilatory conduct. See Briscoe, 538 F.3d at 258-59 (citing Poulis, 747 F.2d at 868).

In consideration of the second factor, the City of York filed its motion to dismiss Plaintiff's amended complaint on November 9, 2009. (Doc. No. 15.) Because of Plaintiff's delay in responding to the Court's orders of September 30, 2010, and November 12, 2010, the City of York has yet to receive a final ruling on its motion. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses memories, or the excessive

2

and possibly irremediable burdens or costs imposed on the opposing party." Briscoe, 538 F.3d at 259 (internal quotation marks and citation omitted). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Id. (citing Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)). It is a disadvantage to the City of York to allow the case to linger indefinitely. Plaintiff has given no indication that she intends to amend her complaint to cure the deficiencies in her claims against the City of York. This factor weighs in favor of dismissal.

The third factor asks the Court to consider Plaintiff's history of delay before the Court. Plaintiff has not engaged in prior instances of dilatory conduct that could constitute "a continuous stream of dilatory conduct" prior to her failure to comply with the Court's orders to file an amended complaint. See id. at 261. This factors weighs against dismissal.

With regard to the fourth Poulis factor, since Plaintiff has given no notice about her status, the Court is unable to conclude whether Plaintiff's conduct in failing to respond is in bad faith. However, Plaintiff has provided no reason for her failure to comply with Court orders, and has made no contact with the Court – even after the Court reached out to allow Plaintiff to show cause. Accordingly, her failure to do so must be deemed willful. See Briscoe, 538 F.3d at 262 (finding plaintiff was not willful where he was not given an opportunity to explain his reason for failing to attend a hearing). This factor also weighs in favor of dismissal.

Regarding the fifth Poulis factor, the Court is unable to find an alternative sanction to dismissing Plaintiff's case. "[W]hen a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate." Briscoe, 538 F.3d at 262 (adopting conclusion of district court). There is no other sanction to bring about

Plaintiff's compliance with the Court's orders. This factor weighs in favor of dismissal.

Generally, in determining whether a plaintiff's claim is meritorious, a court is to use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. Id. at 263 (citing Poulis, 747 F.2d at 869-70). Plaintiff named the City of York as a defendant in her complaint that asserts claims for violations of § 1983. (Doc. No. 1 ¶ 1.) Generally, § 1983 claims cannot be predicated solely on respondeat superior. Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 691 (1978). Instead, a plaintiff "must identify a policy or custom of the entity that caused the constitutional violation." A.M. ex rel. J.M.K. v. Luzerne Co. Juvenile Det. Ctr., 372 F.3d 572, 580 (3d Cir. 2004). Plaintiff's complaint failed to identify any policy or custom of the City of York that caused the alleged constitutional violations. Further, in a civil rights complaint, a plaintiff must establish a claim of relief as to each named defendant. See Thomas v. Independence Twp., 463 3d 285, 289 (3d Cir. 2006) (dismissing claims where no allegations were made that defendants were personally involved in the wrongs alleged); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." (citations omitted)). In the instant case, Plaintiff failed to set out a specific claim against the City of York. Indeed, Plaintiff failed to aver any specific facts that implicate the City of York, other than the fact that Corporal Seelig and Trooper Keppel took her to the City of York police station. (Doc. No. 11 ¶ 15.) In sum, the Court finds that Plaintiff has failed to state a claim against the City of York for which relief can be granted. The sixth factor weighs decidedly in favor of dismissal.

In consideration of all the factors, the Court finds that the balance weighs in favor of dismissal of Plaintiff's claims against the City of York.

**ACCORDINGLY**, this 6th day of December 2010, **IT IS HEREBY ORDERED THAT** Plaintiff's claims against Defendant City of York are **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
